IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHEASTERN DIVISION

| | |
|---|---|
| Linda L. Mees, | ) |
| | ) |
|         Plaintiff, | ) |
| v. | ) |
| | )   Case No. 3:05-cv-69 |
| Jo Anne Barnhart, | ) |
| Commissioner of Social Security | ) |
| Administration, | ) |
| | ) |
|         Defendant. | ) |

**REPORT AND RECOMMENDATION**

Before the court are Linda L. Mees's (hereinafter "Mees," "plaintiff," or "claimant") Motion for Summary Judgment (Doc. #9) and the Commissioner of Social Security's ("Commissioner") Motion for Summary Judgment (Doc. #11). Because there is substantial evidence in the record as a whole supporting the Commissioner's final decision, the magistrate judge recommends that defendant's Motion for Summary Judgment (Doc. #11) be **GRANTED** and plaintiff's Motion for Summary Judgment (Doc. #9) be **DENIED.**

*Background*

Mees initiated this action under 42 U.S.C. § 405(g) seeking judicial review of the Commissioner's final decision, which denied her application for disability insurance benefits ("DIB") and supplemental social security income ("SSI"). Mees filed her application for benefits with a protective filing date of November 5, 2003 (Transcript (hereinafter "Tr.") at 84-86).[1] In her application, Mees alleges she became disabled on March 7, 2000 (Tr. at 84). At the

---

[1] Mees filed a previous application for DBI and SSI in March 2000. (Tr. at 79-81). Her application was denied initially and upon reconsideration. She apparently did not appeal the denial.

1

administrative law hearing, Mees amended her date of disability to September 1, 2003. (Tr. at 37).

Mees was 57 years old at the time of the hearing. (Tr. at 31). She has a high school education and two years of college. (Tr. at 32). She was last employed as a driver for Railway Express. (Tr. at 34). In addition, she has worked previously as a nursing aide, day care provider, and office clerk and manager. (Tr. at 19, 163). Mees alleges she is disabled as a result of fibromyalgia, degenerative bone disease, tendonitis, shingles, arthritis, inflamed hands, and glaucoma. (Tr. at 142).

Following an administrative hearing, the Administrative Law Judge (ALJ) held Mees was not disabled within the meaning of the Act. (Tr. at 17-24). The Appeals Council denied review, and ALJ's decision became the final decision of the Commissioner. (Tr. at 8-10). Mees seeks judicial review of the Commissioner's decision in this action.

### *Discussion*

The ALJ found Mees had been "diagnosed with chronic pain related to fibromalgia and degenerative joint disease; mild restless leg syndrome; excessive daytime sleepiness with obstructive sleep apnea; bilateral hand paresthesias; left knee pain; gastroesophageal reflux disease; and papillary conjunctivitis." (Tr. at 19). He found plaintiff's impairments, alone or in combination, are considered "severe" impairments; however, these impairments did not meet or equal the requirements set forth in the Listing of Impairments. (Tr. at 19). He concluded Mees's allegations regarding her pain and other symptoms were not entirely credible. (Tr. at 20). The ALJ also concluded that Mees retains the residual function capacity ("RFC") to perform her past relevant work as a driver, manager, office clerk, and auditor/tax assessment clerk. (Tr. at 23).

Mees alleges the ALJ's conclusions and findings of fact are not supported by substantial

evidence on the record as a whole and the ALJ failed to follow the regulations in making his decision.  Brief in Support of Plaintiff's Motion for Summary Judgment (hereinafter "Plaintiff's Brief"), at 2.

Before discussing the alleged errors, the court notes the deferential standard of review applied to these cases.  The court must affirm the Commissioner's decision if substantial evidence appearing in the record as a whole supports the decision.  See Cruse v. Bowen, 867 F.2d 1183, 1184 (8th Cir. 1989).  The Commissioner's decision is not subject to reversal simply because the reviewing court would have reached a different conclusion or because substantial evidence also exists which would support a contrary outcome.  Sultan v. Barnhardt, 368 F. 3d 857, 863 (8th Cir. 2004).   If after review the court is capable of drawing two inconsistent positions and one of those positions represents the Commissioner's findings, the decision must be affirmed.  Dixon v. Barnhardt, 353 F.3d 602, 605 (8th Cir. 2003).

Mees asserts that the ALJ's findings are not supported by substantial evidence on the record as a whole.  Mees specifically argues the ALJ erred in finding that she retains the RFC to perform past relevant work.  Mees contends the ALJ's RFC determination is flawed because he did not properly consider her obesity.  Plaintiff's Brief, at 3.  Mees also alleges the ALJ erred by not including Mees's physical condition of obesity in his hypothetical to the vocational expert ("VE").  Plaintiff's Brief, at 4.

Mees alleges she suffers from constant pain "all the time;" on a scale of one to ten, she rated her pain level at a seven or eight.  (Tr. at 50).  When evaluating a disability claim based on pain and/or fatigue, an ALJ must consider the claimant's subjective complaints under the standard set forth in Polaski v. Heckler, 739 F.2d 1320 (8th Cir. 1984).  In this case, the ALJ found that the intensity, duration, and frequency of Mees's subjective complaints were not

3

consistent with the record as a whole. (Tr. at 20). See Lowe v. Apfel, 226 F.3d 969, 972 (8th Cir. 2000) (stating ALJ may discount a claimant's subjective complaints of pain if inconsistencies are apparent in the evidence as a whole). The ALJ concluded that "claimant's allegations of inability to perform work-related activities on a sustained basis are found to be out of proportion to the medical records, the testimony, and the treatment." (Tr. at 22-23). While the court has little doubt that plaintiff experiences symptoms from her medical conditions, claimant must still show a related functional loss. See Craig v. Apfel, 212 F.3d 433, 436 (8th Cir. 2000) (stating that simply because working might cause pain or discomfort does not mandate a finding of disability). In addition, the record shows that no doctor has placed any limitations or work restrictions on Mees. (Tr. at 45); see also Mittlestedt v. Apfel, 204 F.3d 847, 853 (8th Cir. 1993) (a lack of physical restrictions supports a finding of not disabled) (citing Melton v. Apfel, 181 F.3d 939, 941 (8th Cir.1999) (testimony undermined by the lack of significant restrictions placed on claimant's activities by his doctors, among other reasons)).

Some of Mees's medical conditions are improved or even controlled with medication, such as her shingles and papillary conjunctivitis. (Tr. at 276-79). Her gastroesphogeal symptoms have shown minor improvements, upon changing her medication regimen. (Tr. at 305). Her obstructive sleep apnea is managed with a continuous positive airway pressure (CPAP) device. (Tr. at 44). Mees takes only Tylenol and an occasional Lortab, at night, for pain. (Tr. at 45, 288, 305). The lack of significant pain medication supports the ALJ's determination. Singh v. Apfel, 217 F.3d 586, 591 (8th Cir. 2000). Plaintiff also apparently stopped attending physical therapy sessions, which were prescribed to address her fibromyalgia symptoms. (Tr. at 293).

The ALJ noted that Mees's daily activities include caring for her two grandsons,

performing household chores, cooking, and shopping. (Tr. at 20, 32, 41-43). She stated she has lived with her daughter and two grandsons since July 2004. (Tr. at 35). She previously lived with and assisted her mother, but her mother sold the house and moved into a retirement facility. (Tr. at 37-38, 49). Although minimal activities themselves do not constitute substantial evidence that claimant can engage in substantial gainful activity, Harris v. Secretary of Dep't of Health and Human Services, 959 F.2d 723, 726 (8th Cir. 1992), they can be considered in assessing the credibility of the claimant's subjective complaints. Clark v. Shalala, 28 F.3d 828, 831 (8th Cir. 1994). The ALJ concluded that "claimant overstated the intensity, duration, and frequency of her pain" (Tr. at 20). The court finds the ALJ properly assessed claimant's activities in determining her subjective complaints were not entirely credible.

After considering the evidence in the record as a whole, the courts finds the ALJ properly evaluated plaintiff's subjective complaints under Polaski, and his credibility determination is supported by substantial evidence.

Mees also alleges that the ALJ erred in failing to consider her obesity. The Social Security Ruling on this issue states:

> When the evidence in a case does not include a diagnosis of obesity, but does include clinical notes or other medical records showing consistently high body weight or BMI, we may ask a medical source to clarify whether the individual has obesity. However, in most such cases we will use our judgment to establish the presence of obesity based on the medical findings and other evidence in the case record, even if a treating or examining source has not indicated a diagnosis of obesity. Generally, we will not purchase a consultative examination just to establish the diagnosis of obesity.

Social Security Ruling (SSR) 02-01p, at *8-*9 (SSA, Sept. 12, 2002), 2002 SSR LEXIS 1, (hereinafter "SSR"). Mees did not claim obesity as a basis for disability in her initial application or before the ALJ. She did raise this issue before the Appeals Council. (Tr. at 319-22).

Currently, obesity is relevant primarily in the musculoskeletal, cardiovascular, respiratory, and mental disorders listings.  See SSR at *6.  The medical records establish Mees's height as 5 feet, 2 inches tall.  Her weight is documented as ranging between 173 and 203 pounds.  However, the court calculates that Mees's body mass index (BMI)[2] would range from 31.6 and 37.1.  In general, a BMI over 30 is considered obese.  However, the SSR makes clear that "[t]here is no specific level of weight or BMI that equates with a 'severe' or a 'not severe' impairment. Neither do descriptive terms for levels of obesity . . . establish whether obesity is or is not a 'severe' impairment for disability program purposes."  Id. at *6.

   Even if the court assumes that Mees is obese, she does not state how such condition affects the ALJ's ultimate determination.  The medical evidence demonstrates she sought medical care for several issues, but never specifically or primarily for her weight.  The court recongizes that Mees claims pain resulting from several musculosketal disorders.  The SSR states:  "The combined effects of obesity with other impairments may be greater than might be expected without obesity. For example, someone with obesity and arthritis affecting a weight-bearing joint may have more pain and limitation than might be expected from the arthritis alone." SSR at *16.  In this case, Mees's medical records do not reflect any significant discussion of obesity treatment or related problems.  (Tr. at 250, 267, 296).  A Disability Determination Services (DDS) physician who reviewed Mees's RFC assessment, did state that "[o]besity aggravates [claimant's] conditions."  (Tr. at 250)   The court agrees with such an assessment.  However, the record does not reflect any specific consequence or difficulty

---

[2] "Body mass index"(BMI) equals an individual's weight in kilograms to the square of the individual's height in meters.  According to the record, Mees is 5'2"with a weight range between 173 and 203 pounds; this corrolates to a BMI between 31.6 and 37.1.  See BMI calculator at http://www.nhlbisupport.com/bmi/.   Mees's highest weight correlates to Level II obesity (BMI between 35.0-39.9).  SSR at *4 (classifying three levels of obesity, depending on an individual's BMI).

resulting from Mees's obesity.  She did not testify about or report work limitations related to her weight.  See Anderson v. Barnhart, 344 F.3d 809, 814 (8th Cir. 2003); Clark v. Shalala, 28 F.3d 828, 831 (8th Cir. 1994).  The court is unable to conclude from the record that Mees suffers any functional limitations from her weight that would preclude her from performing past relevant work.

Mees also argues that the ALJ incorrectly interpreted the vocational expert's (VE) opinion.  The VE testified at the hearing regarding claimant's ability to perform work-related activities.  A physician employed by DDS assessed claimant as possessing the residual functional capacity for light exertional work, including carrying up to 20 pounds occasionally, 10 pounds frequently; standing or walking for about 6 hours in an 8-hour day; sitting for about 6 hours in an 8 hour day; and climbing, balancing, stooping, kneeling, crouching, and crawling occasionally.  (Tr. 242-45).

James Berglund, VE testified to the following hypothetical posed by the ALJ:

> [ALJ]:  If we were to hypothetically take a woman up to 57 years of age, with education and work experience like the claimant has, and if she's limited to lifting 20 pounds occasionally and 10 pounds frequently and that could only occasionally be climbing, balancing, stooping, kneeling, crouching, crawling, and if those were the only limitations our hypothetical person had, could she do any of her past relevant work?
>
> [VE]:  Yes.  Most of the past work would fall within the parameters.  The office clerk jobs, the auditor, the tax assessment clerk position, the managerial, regional manager positions and the driving positions all fall within the parameters.
> . . . .
> [ALJ]: Sure.  And if our hypothetical person couldn't continuously be doing fingering and using her hands, would that have an impact on those other jobs?
>
> [VE]: Yes, it would.  Those jobs are actually ones that do require quite a bit of use of her hands for writing or entering data in the computer and so on, or obviously in the case of driving to hold the steering wheel.  If you didn't have reliable use of your hands, that would be, that would rule out those jobs.

> [ALJ]: How about if you only frequently could use your hands?
>
> [VE]: That would be , that would be okay. That would certainly [sic] the payroll or regional managerial jobs would certainly tolerate that. And I'm thinking the auditor and tax assistant, you are doing kind of variety things [sic] throughout the day so I think at that level that would be tolerated.
>
> [ALJ]: If our hypothetical person had to be free to take unscheduled breaks, would that be tolerated in those jobs?
>
> [VE]: No. If it were a skilled job, but nonetheless there would be hours that you would be required to work. You may have some discretion in how you would set up those hours, but again on a daily basis you couldn't be just free to kind of come and go and take breaks or leave the work site at any point if you decided to [,] so in general terms I'd say no to that if you couldn't adhere to some relatively fixed schedule then you couldn't maintain those jobs.

(Tr. at 53-55).

Thus, claimant argues that the ALJ should have relied on the VE's response to the final portion of the hypothetical, which assumes that the hypothetical individual will need to take breaks.[3]  Plaintiff's Brief, at 4-5.  "A hypothetical question, however, need only include impairments that are supported by the record and which the ALJ accepts as valid."  McKinney v. Apfel, 228 F.3d 860, 865 (8th Cir. 2000).  Here, the ALJ relied on the initial portion of the hypothetical which accurately reflects Mees's physical impairments and the resulting limitations.

Plaintiff also asserts that ALJ erred by not asking the VE to specifically consider obesity as an impairment.  Plaintiff's Brief, at 5.  However, hypothetical questions to a VE generally do not list actual physical conditions; rather, the ALJ lists the parameters within which a claimant can work, such as weight lifted and duration limitations.   Here, the ALJ concluded that Mees

---

[3]The court notes that the burden continues to lie with the claimant if the ALJ determines that the claimant is capable of performing past relevant work.  See Tucker v. Heckler, 776 F.2d 793, 795 (8th Cir. 1985); McCoy v. Schweiker, 683 F.2d 1138, 1146-47 (8th Cir. 1982).  Here, the ALJ determined that Mees could perform past relevant work.  Thus, the burden has not shifted, and the VE's testimony was not essential to the ALJ's determination.

could work full days at the light exertional level, and the record as a whole shows substantial evidence supporting the ALJ's reliance on the first portion of his hypothetical.

### *Conclusion*

The ALJ properly found that while Mees does have disorders that impact her ability to work, she is not "disabled" as defined by the Social Security Act. The ALJ sufficiently explained his findings in the body of his opinion and each has substantial support in the record. Even after consideration of the errors alleged by plaintiff, the magistrate judge finds substantial evidence in the record supports the ALJ's decision. For the foregoing reasons, **IT IS RECOMMENDED:**

1. Defendant's motion for summary judgment be **GRANTED**. (Doc. #11).
2. Plaintiff's motion for summary judgment be **DENIED**. (Doc. #9).
3. Judgment be entered affirming the decision of the Commissioner.

Pursuant to Local Rule 72.1(E)(4), any party may object to this recommendation within ten (10) days after being served with a copy.

Dated this 11th day of September, 2006.

Karen K. Klein
United States Magistrate Judge